**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

No. 80–1485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1981.

Decided June 29, 1981.

As Corrected Aug. 19, 1981.

Peter Berzins, Seattle, Wash., for defendant-appellant.

Francis J. Diskin, Asst. U.S. Atty., Seattle, Wash., for the U. S.

**412**

Before BROWNING, Chief Judge, TANG, Circuit Judge, and HEMPHILL,* District Judge.

PER CURIAM:

Appellant John Doe[1] was convicted of conspiracy to import heroin and related substantive offenses. The government relied in part on the testimony of Richard Roe, a courier for the heroin importation scheme. On direct examination Roe testified that a quantity of heroin was delivered to him in Bangkok, Thailand by appellant's wife and that he carried it from Bangkok to Seoul, Korea as a passenger on a commercial airline. He testified that he saw and spoke with Mrs. Doe on the flight from Bangkok to Seoul. The prosecutor then asked Roe whether he had made any arrangement to be contacted by Mrs. Doe while in the United States. Roe answered that he had given Mrs. Doe two phone numbers at which he could be reached.

On cross-examination, defense counsel asked if Roe had had a conversation with Mrs. Doe during the flight. After eliciting an affirmative answer, counsel inquired about details of the conversation. He then asked if there had been any discussion about appellant. The government objected. Defense counsel informed the court that Roe would testify that Mrs. Doe had said that her husband knew nothing about her drug importation activities. The trial court excluded the proffered testimony.

Appellant argues that the attempted cross-examination was within the scope of direct; that the government had "opened the door" with respect to Roe's in-flight conversation with Mrs. Doe and the defense should have been permitted to elicit on cross-examination portions of the conversation favorable to appellant.

The government had asked only one question relating to Roe's conversation with Mrs. Doe on the plane: "What, if any,

arrangements did you make concerning contact with you in the United States after the operation was completed? Did you provide her with any point of contact?" Roe's answer did not implicate appellant. The testimony appellant sought to elicit on cross-examination was unrelated to Roe's direct testimony; it would not have served to correct a misleading impression left by selective questioning on direct. It was therefore not admissible under the doctrine of "curative admissibility." See United States v. Childs, 598 F.2d 169, 174 (D.C.Cir.1979); United States v. Winston, 447 F.2d 1236, 1240 (D.C. Cir.1971).

AFFIRMED.

* Honorable Robert W. Hemphill, Senior Judge, United States District Court for the District of South Carolina, sitting by designation.

1. This case arises from the same set of transactions as United States v. Doe, 655 F.2d 920

(9th Cir. 1981). Pseudonyms were used in the opinion in Doe to protect certain parties to the case. Id., at 922 n. 1. We do the same here to preserve the protection the majority in Doe sought to accomplish.