86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin Pipkin OWENS, Defendant-Appellant.
 No. 95-10456.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 17, 1996.*
Decided May 21, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin Pipkin Owens appeals his convictions on four counts of knowingly making false statements on loan applications submitted to four different federally insured financial institutions for the purpose of influencing the actions of the institutions on the loan applications in violation of Title 18, United States Code, Section 1014. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Owens argues that there was insufficient evidence to support his convictions because the government failed to introduce any evidence that Owens himself made the false statements on the four loan applications. We disagree.
 
 
 4
 Stefan Ammos identified Owens's signature on a deed of trust that Ammos had notarized in connection with Owens's purchase of a piece of property, and this same signature appeared on Owens's tax returns and Virginia driver's license. By comparing this signature with the signatures on the four loan applications, the jury could reasonably have concluded that Owens signed the loan applications. Moreover, Ammos testified that his company helped Owens prepare the home loan applications, and that it was his company's usual business practice for Owens to provide completed handwritten loan applications, and then to have the information contained on those applications typed onto printed loan applications that were then submitted to the banks. This evidence was sufficient to permit a rational jury to find that Owens made the false statements on the loan applications.
 
 II
 
 5
 Owens argues that the district court abused its discretion by refusing to permit a stipulation that Owens had paid off the two automobile loans. We disagree.
 
 
 6
 Loss to the financial institutions is not an element of the offenses charged against Owens, and therefore the district court did not abuse its discretion by excluding as not relevant the stipulation that Owens repaid the loans. Nor can we say that the court abused its discretion by refusing to permit the stipulation under the so-called doctrine of "curative admissibility," inasmuch as Karen Muth's testimony that Owens had defaulted on one payment due on the car loans did not leave a misleading impression that he never paid off the balance due on the loans. United States v. Doe, 656 F.2d 411, 412 (9th Cir.1981).
 
 III
 
 7
 Owens argues that the district court abused its discretion by admitting into evidence certain loan documents in Guardian Savings and Loan's files, because they were hearsay not coming within the business records exception. We disagree.
 
 
 8
 Of the three documents to which Owens objected, the only one likely to have been material to the jury's verdict is the loan application. But Owens did not raise a specific hearsay objection to the application, and he therefore waived it. United States v. McQuisten, 795 F.2d 858, 865 (9th Cir.1986) (citing Fed.R.Evid. 103(a)(1)). Moreover, even if we treat his general objection as a specific hearsay objection, the district court did not abuse its discretion by overruling it. The government did not offer the loan application for the truth of the matters asserted in it, but rather to prove that Owens had made false representations about his employment and income. The loan application was therefore not hearsay and the business records exception was irrelevant.
 
 IV
 
 9
 Owens argues that the district court abused its discretion by admitting into evidence a credit report kept in Bank of America's loan files, because it was hearsay not coming within the business records exception. We disagree.
 
 
 10
 Owens failed to raise a specific hearsay objection to the credit report and therefore waived it. McQuisten, 795 F.2d at 865. Regardless, even if we again treat Owens's general objection as a hearsay objection, the court did not abuse its discretion by overruling it inasmuch as the document was admissible pursuant to the business records exception to the hearsay rule. In response to the court's questions, Muth testified that she personally ran the report as part of her job and kept the report in her files in keeping with the bank's normal course of business.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3